**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 16 2015

JAMES W. McCORMACK, CLERK
By: _____
                              DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

WILLIE GREGORY                                    **PLAINTIFF**

VS.                         **CIVIL ACTION NO.**  3:15-cv-00367 DPm /BD

RYDER TRUCK RENTAL, INC.
AND BRANDON GOODWIN AND
JOHN DOE DEFENDANTS 1-5                          **DEFENDANTS**

This case assigned to District Judge  MARSHALL
and to Magistrate Judge_____  DEERE

**COMPLAINT**

COMES NOW, the Plaintiff, Willie Gregory, by and through the undersigned

counsel and files his Complaint, a personal injury action brought pursuant to Arkansas

law, against  Defendants, Ryder Truck Rental, Inc. and Brandon Goodwin, and would

show and allege unto this Court the following, to wit:

**I. PARTIES**

1.      Plaintiff Willie Gregory ("Gregory" or "Plaintiff") is an adult resident

citizen of Noxapater, Winston County, Mississippi.

2.      Defendant Ryder Truck Rental Inc. ("Ryder"), is a Florida corporation

with its principal place of business in Miami, Florida and registered to do business in the

State of Arkansas. Ryder may be served with process of this Court by serving their

registered agent for service of process, Corporate Creations Network, Inc., 609 SW 8th

Street #600, Bentonville, AR 72712.

3.      Defendant Brandon Goodwin ("Goodwin") is an adult resident citizen of

Marion, Crittenden County, Arkansas and may be served with process of this Court at his

residence at 323 Dozer Circle, Marion, AR 72364.  Goodwin was the driver of the Ryder truck that injured Gregory.

      4.     John Doe Defendants 1-5 are any agents, employers, employees, instructors, supervisors, independent contractors, or other persons who may also be liable for the injuries to Gregory and who will be named when their identities are discovered.

## II. JURISDICTION AND VENUE

      5.     Plaintiff incorporates all allegations set forth in paragraphs 1 - 4.

      6.     Plaintiff's claim hereinafter set forth occurred in Crittenden County, Arkansas.

      7.     This Court has jurisdiction over this matter under the provisions of 28 U.S.C. Section 1332.  The parties to this lawsuit are citizens and/or corporations of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## III. FACTS

      8.     Plaintiff incorporates all allegations set forth in paragraphs 1 - 6.

      9.     On or about October 18, 2014, Gregory was driving his vehicle south bound on Interstate 55 in Marion, Crittenden County, Arkansas.

      10.     At the same time, Goodwin was driving a 2014 Freightliner owned by Ryder Truck Rental, Inc. south bound on Interstate 55 in Marion, Crittenden County, Arkansas.  Goodwin fell asleep at the wheel while driving the Ryder truck and smashed into Gregory's automobile in the rear.

11.     Defendants' actions were the proximate cause of Plaintiff's injuries and constitute negligence.

12.     Gregory was following all applicable state and federal driving regulations/laws and was acting in a prudent and cautious manner.

13.     As a result thereof, in whole or in part, of the foregoing negligent acts or omissions, Gregory suffered serious and painful injuries and trauma to his head (suspected small intraparenchymal hemorrhage) and his left shoulder (clavicle fracture).

14.     Due to the Defendants' negligence, Gregory has been required to undergo necessary medical, hospital and therapeutic care and treatment and rehabilitation.  There is the likelihood that he may incur future costs and medical treatment.

### IV. CAUSES OF ACTION

### COUNT 1

15.     Plaintiff incorporates all allegations set forth in paragraphs 1-14.

16.     Goodwin failed to maintain a proper lookout for other vehicles travelling the Interstate.

17.     Goodwin failed to maintain proper control over the vehicle he was driving.

18.     Ryder owned the vehicle driven by Goodwin.

19.     At the aforesaid date and place, Goodwin, on information and belief, was in the course and scope of his employment for Ryder or acting as an agent for Ryder when he negligently fell asleep while driving and ran into the back of the Plaintiff's vehicle causing Gregory to suffer severe injury and pain.

3

20.     Goodwin was careless, reckless, and negligent in his actions, and under the doctrine of *respondeat superior* or principal/agent, the negligence of Goodwin is imputed unto Ryder.  Unknown Defendants 1-5 may also be liable for these reasons.

21.     Upon information and belief, Ryder negligently failed to properly train Gregory (its employee/agent) with respect to the safe operation of its vehicles as well as the necessary safety measures to be applied while driving a vehicle owned by Ryder, in the normal course and scope of the Defendant's business.   Additionally, or in the alternative, upon information and belief, Ryder negligently entrusted its vehicle to Goodwin to drive when Ryder knew or should have known that Goodwin was a negligent and/or reckless driver.  Unknown Defendants 1-5 may also be liable for these reasons.

## V. DAMAGES

22.     Plaintiff incorporates all allegations set forth in paragraphs 1-21.

23.     As a direct and proximate result of the above described negligence of the Goodwin and Ryder, Gregory sustained serious personal injuries.   Gregory seeks recovery from the Defendants of all damages to which he may be entitled under all applicable laws and which include, but are not limited to, the following:

        a.      Physical pain and suffering;

        b.      Emotional pain and suffering;

        c.      Past and future medical expenses;

        d.      Loss of enjoyment of life;

        e.      Loss of wages and earning capacity;

        f.      Mental anguish; and

        g.      All such further relief, both general and specific, to which he may be entitled under the premises.

4

24.     Plaintiff's damages exceed the amount required for federal jurisdiction.

## VI. PUNITIVE AND/OR EXEMPLARY DAMAGES

25.     Plaintiff incorporates and re-alleges all of the allegations contained in the previous paragraphs.

26.     The acts and/or omissions of Defendants Goodwin and Ryder as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damages and injuries to Gregory.  More specifically, Goodwin and Ryder consciously and/or deliberately acted with reckless disregard to Willie Gregory, and should be held liable for punitive and exemplary damages to Willie Gregory. Unknown Defendants 1-5 may also be liable for punitive and exemplary damages for these reasons.

## VII. JURY DEMAND

27.     Gregory demands that all issues of fact in this case be tried to a properly impaneled jury.

## VIII. PREJUDGMENT AND POST JUDGMENT INTEREST

28.     Plaintiff also asserts a claim for prejudgment interest in all elements of damages as allowed by law and post-judgment intent at the rate allowed by law.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Willie Gregory prays that Defendants be ordered to appear and answer the Complaint herein and, upon final trial of this action to a jury, that Plaintiff be granted a judgment against the Defendants for an

amount in excess of that required for jurisdiction for compensation for all actual economic and non-economic damages and punitive damages as pled in this Complaint together with all costs of this proceeding and all other relief to which the plaintiff may be entitled.

RESPECTFULLY SUBMITTED this the _13th_ day of _November_, 2015.

Willie Gregory, Plaintiff, by his attorney,

By:  _____
VICKI L. GILLIAM (AR Bar No. 2002045)
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

VICKI L. GILLIAM
**THE GILLIAM FIRM, PLLC**
P.O. Box 1303
Clinton, MS 39060
Phone: 601-488-4044
Fax:    601-488-4043
Email: gilliam@gilliamfirm.com