FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 17 2016

JAMES W. McCORMACK, CLERK
By:_____
                              DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

WILLIE GREGORY                                              PLAINTIFF

VS.                            CIVIL ACTION NO. 3:15-cv-00367
DPM/BD

RYDER TRUCK RENTAL, INC., EXCEL
TRANSPORT, LLC , BRANDON GOODWIN,
TRUCK LEASE COMPANY, LLC. AND
UNKNOWN DEFENDANTS 1-5                                      DEFENDANTS

## SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, Willie Gregory, by and through the undersigned counsel and files his Amended Complaint, a personal injury action brought pursuant to Arkansas law, against Defendants, Ryder Truck Rental, Inc., Excel Transport, LLC., Brandon Goodwin, and Truck Lease Co. and would show and allege unto this Court the following, to wit:

### I. PARTIES

1.     Plaintiff Willie Gregory ("Gregory" or "Plaintiff") is an adult resident citizen of Noxapater, Winston County, Mississippi.

2.     Defendant Ryder Truck Rental Inc. ("Ryder") is a Florida corporation with its principal place of business in Miami, Florida and registered to do business in the State of Arkansas. Ryder was properly

1

served with process with the original Complaint in this matter and may be served through counsel of record with this Second Amended Complaint on Jerry J. Sallings, Esq., WRIGHT, LINDSEY & JENNINGS, LLP, 200 West Capitol Avenue, Suite 2300, Little Rock, Arkansas 72201.

3. Defendant Excel Transport, LLC ("Excel") is a Missouri limited liability company with its principal place of business in St. Louis, Missouri. Excel may be served through counsel of records with this Second Amended Complaint on Ron Harper, Esq., Leitner, Williams, Dooley, & Napolitan, PLLC, 80 Monroe Ave., Suite 800, Memphis, TN.

4. Defendant Brandon Goodwin ("Goodwin") is an adult resident citizen of Marion, Crittenden County, Arkansas and was properly served with process with the original Complaint in this matter and may be served through counsel of record with this Amended Complaint on Jerry J. Sallings, Esq., WRIGHT, LINDSEY & JENNINGS, LLP, 200 West Capitol Avenue, Suite 2300, Little Rock, Arkansas 72201. Goodwin was the driver of the Ryder truck that injured Gregory.

5. Defendant Truck Lease Company, LLC. ("Truck Lease Co.") is a Missouri Limited Liability Company with its principal place of business in St. Louis, Missouri. Truck Lease Co. may be served with process of this

Court by serving its registered agent for service of process, Douglas M. Ackerman, 11469 Olive Blvd., Suite 277, St. Louis, MO 63141.

6. Unknown Defendants 1-5 are any agents, employers, employees, instructors, supervisors, independent contractors, or other persons who may also be liable for the injuries to Gregory and who will be named when their identities are discovered.

## II. JURISDICTION AND VENUE

6. Plaintiff incorporates all allegations set forth in paragraphs 1 - 5.

7. Plaintiff's claim hereinafter set forth occurred in Crittenden County, Arkansas.

8. This Court has jurisdiction over this matter under the provisions of 28 U.S.C. Section 1332. The parties to this lawsuit are citizens and/or corporations of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## III. FACTS

9. Plaintiff incorporates all allegations set forth in paragraphs 1 - 8.

10. On or about October 18, 2014, Gregory was driving his vehicle south bound on Interstate 55 in Marion, Crittenden County, Arkansas.

11. At the same time, Goodwin was driving a 2014 Freightliner, owned by Ryder Truck Rental, Inc. and/or leased or rented by Ryder Truck Rental, Inc. to Truck Lease Co. south bound on Interstate 55 in Marion, Crittenden County, Arkansas. Goodwin fell asleep at the wheel while driving the Ryder truck and smashed into Gregory's automobile in the rear.

12. Defendants' actions were the proximate cause of Plaintiff's injuries and constitute negligence.

13. Gregory was following all applicable state and federal driving regulations/laws and was acting in a prudent and cautious manner.

14. As a result thereof, in whole or in part, of the foregoing negligent acts or omissions, Gregory suffered serious and painful injuries and trauma to his head (suspected small intraparenchymal hemorrhage) and his left shoulder (clavicle fracture).

15. Due to the Defendants' negligence, Gregory has been required to undergo necessary medical, hospital and therapeutic care and treatment and rehabilitation. There is the likelihood that he may incur future costs and medical treatment.

## IV. CAUSES OF ACTION

### NEGLIGENCE

16. Plaintiff incorporates all allegations set forth in paragraphs 1-15.

17. Goodwin failed to maintain a proper lookout for other vehicles travelling the Interstate.

18. Goodwin failed to maintain proper control over the vehicle he was driving.

19. Ryder owned the vehicle driven by Goodwin and/or Ryder had leased or rented the vehicle to Truck Lease Co. at the time of the incident.

20. At the aforesaid date and place, Goodwin, on information and belief, was in the course and scope of his employment for Ryder and/or Excel and/or Truck Lease Co. acting as an agent for Ryder and/or Excel and/or Truck Lease Co. when he negligently fell asleep while driving and ran into the back of the Plaintiff's vehicle causing Gregory to suffer severe injury and pain.

21. Goodwin was careless, reckless, and negligent in his actions, and under the doctrine of *respondeat superior* or principal/agent, the negligence of Goodwin is imputed unto Ryder and/or Excel and/or Truck Lease Co. Unknown Defendants 1-5 may also be liable for these reasons.

22. Upon information and belief, Ryder and/or Excel and/or Truck Lease Co., negligently failed to properly train Gregory (its employee/agent)

with respect to the safe operation of its vehicles as well as the necessary safety measures to be applied while driving a vehicle owned by Ryder, in the normal course and scope of the Defendants' business. Additionally, or in the alternative, upon information and belief, Ryder negligently entrusted its vehicle to Goodwin to drive when Ryder and/or Excel and/or Truck Lease Co. knew or should have known that Goodwin was a negligent and/or reckless driver. Unknown Defendants 1-5 may also be liable for these reasons.

## V. DAMAGES

23. Plaintiff incorporates all allegations set forth in paragraphs 1-22.

24. As a direct and proximate result of the above described negligence of Goodwin and Ryder and/or Excel and/or Truck Lease Co., Gregory sustained serious personal injuries. Gregory seeks recovery from the Defendants of all damages to which he may be entitled under all applicable laws and which include, but are not limited to, the following:

   a. Physical pain and suffering;

   b. Emotional pain and suffering;

   c. Past and future medical expenses;

   d. Loss of enjoyment of life;

   e. Loss of wages and earning capacity;

   f. Mental anguish; and

   g. All such further relief, both general and specific, to which he may be entitled under the premises.

25. Plaintiff's damages exceed the amount required for federal jurisdiction.

## VI. PUNITIVE AND/OR EXEMPLARY DAMAGES

26. Plaintiff incorporates and re-alleges all of the allegations contained in the previous paragraphs.

27. The acts and/or omissions of Defendants Goodwin, Ryder and/or Excel and/or Truck Lease Co. as specifically alleged hereinabove, whether taken separately or together, were of such a character as to constitute a pattern or practice of intentional wrongful conduct and/or malice resulting in damages and injuries to Gregory. More specifically, Goodwin and Ryder and/or Excel and/or Truck Lease Co. consciously and/or deliberately acted with reckless disregard to Willie Gregory, and should be held liable for punitive and exemplary damages to Willie Gregory. Unknown Defendants 1-5 may also be liable for punitive and exemplary damages for these reasons.

7

## VII. JURY DEMAND

28.     Gregory demands that all issues of fact in this case be tried to a properly impaneled jury.

## VIII. PREJUDGMENT AND POST JUDGMENT INTEREST

29.     Plaintiff also asserts a claim for prejudgment interest in all elements of damages as allowed by law and post-judgment intent at the rate allowed by law.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Willie Gregory prays that Defendants be ordered to appear and answer the Second Amended Complaint herein and, upon final trial of this action to a jury, that Plaintiff be granted a judgment against the Defendants for an amount in excess of that required for jurisdiction for compensation for all actual economic and non-economic damages and punitive damages as pled in this Second Amended Complaint together with all costs of this proceeding and all other relief to

which the plaintiff may be entitled.

    RESPECTFULLY SUBMITTED this the 13th day of October, 2016.

        Willie Gregory, Plaintiff, by his attorney,

      By: _____
        VICKI L. GILLIAM (AR Bar No. 2002045)
        ATTORNEY FOR PLAINTIFF

OF COUNSEL:

VICKI L. GILLIAM
***THE GILLIAM FIRM, PLLC***
P.O. Box 1303
Clinton, MS 39060
Phone: 601-488-4044
gilliam@gilliamfirm.com
Mississippi Bar No 9493

John Ogles
OGLES LAW FIRM, P.A.
200 S. Jeff Davis
P.O. Box 891
Jacksonville, AR 72078
(501)982-8339
Facsimile: (501)985-1403
jogles@aol.com
Arkansas Bar No 89003
Texas Bar No. 00797922

## **CERTIFICATE OF SERVICE**

I, Vicki L. Gilliam, hereby certify that I have this day served, through the ECF service of this Court or electronic mail, a true and correct copy of the foregoing document to:

>Jerry J. Sallings, Esq.
>WRIGHT, LINDSEY & JENNINGS, LLP
>200 West Capitol Avenue, Suite 2300
>Little Rock, Arkansas 72201
>E-mail: jsallings@wlj.com
>
>Ron Harper, Esq.
>Leitner, Williams, Dooley, & Napolitan, PLLC
>80 Monroe Ave., Suite 800
>Memphis, TN 38103
>901-527-0214
>901-527-8224
>Email: ron.harper@leitnerfirm.com
>
>John Ogles
>OGLES LAW FIRM, P.A.
>200 S. Jeff Davis
>P.O. Box 891
>Jacksonville, AR 72078
>(501)982-8339
>Facsimile: (501)985-1403
>jogles@aol.com

/s/ Vicki L. Gilliam
Vicki L. Gilliam